UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEREMIE BUTLER,

          Plaintiff,

          v.                      CAUSE NO. 3:25-CV-367-JD-AZ

RANGEL,

          Defendant.

OPINION AND ORDER

Jeremie Butler, a prisoner without a lawyer, filed a complaint. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Butler alleges that on March 16, 2025, around 5:00 p.m., he verbally called for the Officer in Charge of B-Cell House at the Indiana State Prison, Officer Rangel, to let him know he was experiencing extreme abdominal pain that resulted from a popping or tearing sensation that had just occurred while having a bowel movement. He clearly stated the severeness of the pain and suffering that he felt in his abdominal area and asked Officer Rangel to take him to medical. Butler told him, "Something is really

wrong!" ECF 5 at 2. Butler asked that he call a Signal 3000 for a medical emergency. Officer Rangel did not call a Signal 3000 or take him to medical. He just walked away.

At this point, the pain was so severe that Butler fell to the ground and began yelling for help. He lost control of his bowels and defecated on himself. Officer Rangel came back some time later, and saw Butler still laying on the ground. At this time, Butler was in tears from the pain and was begging for Officer Rangel to take him to medical. Officer Rangel again walked away.

Butler was now unable to move or talk due to extreme pain. Officer Rangel came back a third time to find Butler still on the floor, unresponsive and unable to move or talk. Officer Rangel requested that Butler talk to him or to get up off the floor, but Butler was unable to comply due to the pain. Officer Rangel again did not take Butler to medical or call a Signal 3000. Butler alleges that at this time, he lost consciousness.

When he regained consciousness, he was able to crawl over and into his bed. The process was so painful that once he finally made it into his bunk, he passed out again from the pain. He woke up in the fetal position, soaked with sweat and unbearable pain. He tried to stand up, but instead fell to the floor. He crawled to the front of his cell to attempt to yell for help, but the pain from moving made him pass out again.

Around 9:00 p.m., four hours after the pain began, Officer Ramirez on the night shift asked if Butler was okay. Seeing that he wasn't, she asked him to stand up and cuff up to be taken to medical. He told her he couldn't stand up or move. She entered his cell and cuffed his wrists before lifting him into a wheelchair to be taken to medical.

At medical, nursing staff took his vitals and called an ambulance for him to be taken to a hospital in Michigan City. At the hospital, he was diagnosed with a tear in his spleen and was air lifted to a hospital in South Bend for emergency surgery to stop the bleeding. By this point, four units of blood had leaked from his spleen into his stomach—a life threatening injury. Butler sues Officer Rangel under the Eighth Amendment for denying him medical treatment for a clear emergency, leaving him in pain for four hours and allowing his condition to further deteriorate.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020)

(citations and quotation marks omitted). Butler may proceed against Officer Rangel for ignoring the obvious signs that he needed immediate medical attention, resulting in a harmful delay in obtaining medical care.

For these reasons, the court:

(1) GRANTS Jeremie Butler leave to proceed against Officer Rangel in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his need for immediate medical attention at Indiana State Prison after he suffered an injury on March 16, 2025, resulting in prolonged pain and a delay in treatment in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Rangel at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 5);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Rangel to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 14, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT